**Genny BUSKUS, Appellant,**

v.

**SOUTHWESTERN BELL YELLOW PAGES, Appellee.**

**No. 90–2698EA.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1991.

Decided Dec. 31, 1991.

Morgan Welch, North Little Rock, Ark., for appellant.

Philip Kaplan, Little Rock, Ark., argued (Joann Maxey, on brief), for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.

VAN SICKLE, Senior District Judge.

Genny Buskus appeals from a determination by the trial court that she was not the victim of sexual discrimination.

We affirm.

Appellant is a woman who was employed by defendant company as an advertising salesperson. She was trained for 3 months and then started field work on 12 months probation. She was terminated 9 months after the probation began. The reasons given by the company for her termination were poor sales results and poor evaluations by her supervisor.

In this action appellant alleges violation of the Civil Rights Act, claiming that defendant discriminated against her on the basis of her sex. After a bench trial, the court[1] found against her. (See *Buskus v. Southwestern Bell Yellow Pages*, 745 F.Supp. 556 (E.D.Ark.1990)). On appeal appellant contends that the court erred in: 1. applying the wrong standard to determine if she had made a prima facie case of discrimination; 2. refusing to consolidate this case with three similar cases; 3. refusing to admit certain testimony; 4. finding that plaintiff had not proven by a preponderance of the evidence the existence of a hostile environment; and 5. finding that disparate treatment was not proven by a preponderance of the evidence.

■ The district court made a specific finding that the work environment was not hostile. *Buskus v. Southwestern Bell Yellow Pages*, supra. That finding is to be overturned by this court only if it is found to be clearly erroneous. *Johnson v. Yellow Freight System Inc.*, 734 F.2d 1304 (8th Cir.1984). A review of the record convinces this court that the finding was not clearly erroneous.

■ The district court then considered the question of whether appellant had made a prima facie case of discrimination. After finding that she had not, the court found that, even if a prima facie case had been made, the company had shown an articulable nondiscriminatory business reason for the discharge. Appellant argues that the court used the wrong standard to determine the existence of a prima facie case. However, given the fact that the trial court found there was a business reason for the discharge, which finding is not clearly erroneous, appellant's claim must fail even had the trial court found that a prima facie case was presented under any standard.

We have carefully examined the remaining contentions of the appellant and find them to be without merit. Accordingly, we affirm.

---

* The Honorable BRUCE M. VAN SICKLE, Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Henry Woods, United States District Judge, Eastern District of Arkansas.